## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: TYLENOL (ACETAMINOPHEN) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | §<br>§<br>§<br>§<br>§<br>§ | **MDL NO. 2436**<br><br>**2:13-md-02436**<br><br>**HON. LAWRENCE F. STENGEL** |

This Document Relates to:

Civil Action No. 2:12-cv-07263

| | |
|---|---|
| Rana Terry, as Personal Representative and Administrator of the Estate of Denice Hayes, Deceased, | §<br>§<br>§<br>§<br>§ |
| Plaintiff, | §<br>§ |
| vs. | §<br>§ |
| McNEIL-PPC, Inc., McNeil Consumer Healthcare, and Johnson & Johnson, Inc., | §<br>§<br>§ |
| Defendants. | § |

## M E M O R A N D U M

**Stengel, J.**                                           **November 13, 2015**


This civil action is one of over two hundred cases in a Multidistrict Litigation

(MDL) involving claims of liver damage from the use of Tylenol.[1] The court designated

---

[1] There are over two hundred other cases included in this MDL, along with twenty similar cases in New Jersey state court.

this as a "bellwether" case and scheduled it for trial.[2] The plaintiff claims that her sister died of acute liver failure after taking Tylenol "as directed."[3] She has asserted a wrongful death claim under Alabama law on behalf of her sister's estate against Johnson & Johnson and McNeil—the makers of Tylenol.[4] The defendants have moved for summary judgment. They argue that the wrongful death claim is time barred under Alabama law. The facts are undisputed; the issue involved is purely legal. For the reasons set forth below, I will deny the motion for summary judgment.

## I.    UNDISPUTED RELEVANT FACTS

Denice Hayes died on August 31, 2010.[5] On January 12, 2012, Plaintiff Rana Terry, her sister, initiated this action in the Philadelphia Court of Common Pleas via the "Writ of Summons" form.[6] The Writ of Summons identified Rana Terry as the "Personal Rep. and Admin. of the Estate of Denice Hayes, Deceased."[7] McNeil served a "Rule to File Complaint" with the Prothonotary of Philadelphia on November 27, 2012.[8] On

---

[2] A "bellwether" case is a test case. "Bellwether" trials should produce representative verdicts and settlements.  The parties can use these verdicts and settlements to gauge the strength of the common MDL claims to determine if a global resolution of the MDL is possible. See FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION, FOURTH EDITION 360 (2004); DUKE LAW CENTER FOR JUDICIAL STUDIES, MDL STANDARDS AND BEST PRACTICES 16-21 (2014).

[3] See Compl., 12-cv-07263, Doc. No. 1.

[4] I previously found that Alabama law, not New Jersey, applied to the plaintiff's wrongful death claim. See Doc. No. 41 (Punitive Damages Choice of Law decision); In re Tylenol (Acetaminophen) Marketing, Sales Practices and Products Liability Litigation (Terry v. McNeil, et al.), 13-md-2436, Civil Action No. 2:12–cv–07263, 2015 WL 2417411 (E.D. Pa. May 20, 2015).

[5] E.g., Compl., Doc. No. 1 at ¶ 20; Doc. No. 45, Ex. A at 8 (Hayes' Death Certificate).

[6] See Compl., Doc. No. 1.

[7] Id.

[8] Id.

December 11, 2012, Ms. Terry filed a Complaint in the Philadelphia Court of Common Pleas.[9] The state court complaint identified Ms. Terry as the "Personal Representative and Administrator of the Estate of Denice Hayes, Deceased."[10] On December 31, 2012, McNeil removed the case to this court.[11]

On September 13, 2013, Ms. Terry filed a "Petition for Letters of Administration" in the Probate Court of Colbert County, Alabama, Case No. P13-0233.[12] On September 24, 2013, the Colbert County Probate Court issued an Order Granting Letters of Administration, naming Ms. Terry as the Personal Representative of the Estate of Denice Hayes.[13] On October 28, 2013, Ms. Terry filed a short form complaint in this MDL, as required by Case Management Order 7 of this MDL.[14] The caption of the short form complaint named Ms. Terry as the "Personal Representative and Administrator of the Estate of Denice Hayes, Deceased."[15] The Estate of Ms. Denice Hayes was named as plaintiff.[16]

---

[9] Id.

[10] Id.

[11] Id.

[12] Doc. No. 45, Ex. A at Estate Bk. Pg. 476-79 (Certified Copy of Probate File from the Estate of Denice Hayes, Probate Court of Colbert County, Alabama).

[13] Id. at Estate Bk. Pg. 484-87.

[14] See Doc. No. 28; 13-md-2436, Doc. No. 31.

[15] See id.

[16] See id.

## II.    DISCUSSION[17]

### A.  The Alabama Wrongful Death Statute

In Alabama, a wrongful death action is statutory and does not exist at common law. See, e.g., Downtown Nursing Home, Inc. v. Pool, 375 So. 2d 465, 466 (Ala. 1979). The Alabama Wrongful Death Act, Ala. Code § 6-5-410, requires a "personal representative" to bring such action within two years of the decedent's death.[18] Ala. Code § 6-5-410(a), (d). See Downtown Nursing, 375 So.2d at 466, *cert. denied*, 445 U.S. 930 (1980).

---

[17] The defendants raised this issue in their briefing of the choice of law on the wrongful death statute. I declined to address the argument then because the issue was not fully briefed by the parties. The parties were instructed to re-raise the issue in a dispositive motion, if warranted. See Doc. No. 41 at 24 n. 43; In re Tylenol (Acetaminophen) Marketing, Sales Practices and Products Liability Litigation (Terry v. McNeil, et al.), 13-md-2436, Civil Action No. 2:12–cv–07263, 2015 WL 2417411, at *7 n. 43 (E.D. Pa. May 20, 2015).

[18] The Alabama Wrongful Death Act, Ala. Code § 6-5-410, states:

> (a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama where provided for in subsection (e), and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or her or their servants or agents, whereby the death of the testator or intestate was caused, provided the testator or intestate could have commenced an action for the wrongful act, omission, or negligence if it had not caused death.
>
> (b) The action shall not abate by the death of the defendant, but may be revived against his or her personal representative and may be maintained though there has not been prosecution, conviction, or acquittal of the defendant for the wrongful act, omission, or negligence.
> (c) The damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions.
>
> (d) The action must be commenced within two years from and after the death of the testator or intestate.
>
> (e) For any cause of action brought pursuant to this section, the action may only be filed in a county where the deceased could have commenced an action for the alleged wrongful act, omission, or negligence pursuant to Section 6-3-2 or 6-3-7, if the alleged wrongful act, omission, or negligence had not caused death. Nothing in this subsection is intended to override Rule 82 of the Alabama Rules of Civil Procedure.
>
> (f) This section shall only apply to actions filed after June 9, 2011.

The Alabama wrongful death statute is unique.[19] It provides only punitive damages.[20] "This statute authorizes suit to be brought by the personal representative for a definite legislative purpose—to prevent homicide."[21] Hatas v. Partin, 175 So. 2d 759, 761 (Ala. 1965). "In prosecuting such actions, the personal representative does not act strictly in his capacity as administrator of the estate of his decedent…. He acts rather as an agent of legislative appointment for the effectuation of the legislative policy…" Hatas, 175 So. 2d at 761. A "personal representative" includes only the executor or administrator of the intestate. See Downtown Nursing, 375 So. 2d at 466 ("The words 'personal representative' are broader in some respects, but when used in this statute, they can only mean the executor or administrator of the injured testator or intestate.")(citing Hatas, 175 So. 2d at 761). According to Alabama law, the right to bring a wrongful death action

---

[19] For a more elaborate discussion of the unique nature of Alabama's wrongful death statute, see Doc. No. 41 (Punitive Damages Choice of Law decision); In re Tylenol (Acetaminophen) Marketing, Sales Practices and Products Liability Litigation (Terry v. McNeil, et al.), 13-md-2436, Civil Action No. 2:12–cv–07263, 2015 WL 2417411 (E.D. Pa. May 20, 2015).

[20] See, e.g., Louis Pizitz Dry Goods Co., Inc. v. Yeldell, 274 U.S. 112, 114 (1927)("The Supreme Court of Alabama has repeatedly ruled that the statute is aimed at the prevention of death by wrongful act or omission."(citations omitted)); Savannah & M.R. Co. v. Shearer, 58 Ala. 672, 680 (1877)("The damages [under the wrongful death statute] are punitive, and they are none the less so, in consequence of the direction the statute gives to the damages when recovered. They are assessed against the railroad 'to prevent homicides.'"); Boudreaux v. Pettaway, 108 So.3d 486, 496-98 (Ala. 2012)(reaffirming the purpose of the wrongful death statute as protecting the lives of Alabama citizens), overruled on other grounds by, Gillis v. Frazier, --- So.3d ----, 2014 WL 3796382, at *6 (Ala. Aug. 1, 2014).

[21] See also Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465, 466 (Ala. 1979)("Under this statute the cause of action is vested in the personal representative who acts as an agent of legislative appointment for the purpose of effectuating public policy."); Affinity Hosp. LLC v. Williford, 21 So.3d 712, 716 (Ala. 2009)("[I]n the context of a wrongful-death action, a 'personal representative' acts 'as agent by legislative appointment for the effectuation of a legislative policy of the prevention of homicides through the deterrent value of the infliction of punitive damages.'" (citation omitted)); Wood v. Wayman, 47 So.3d 1212, 1215 (Ala. 2010)(same).

vests only in the personal representative. See Downtown Nursing, 375 So. 2d at 466;

Hatas, 175 So. 2d at 761.[22]

For this reason, the Alabama Supreme Court has held that a wrongful death action

filed before a plaintiff has been appointed personal representative should be considered a

nullity. Downtown Nursing, 375 So. 2d at 466 ("This Court held that any action by the

administrator occurring prior to his appointment was a nullity…" (discussing Strickland

v. Mobile Towing and Wrecking Co., 303 So.2d 98 (Ala. 1974)).[23]

Alabama's wrongful death statute requires that suit be filed within two years of the

intestate's death. Ala. Code § 6-5-410(a), (d). The Alabama Supreme Court has made

clear: "[t]his two year period is part of the substantive cause of action and is not to be

treated as a statute of limitations." Downtown Nursing, 375 So. 2d at 466. "Because the

two-year period is not a statute of limitations but a period after which liability under the

statute ceases to exist, it is not subject to tolling…." Wood v. Wayman, 47 So.3d 1212,

1217-18 (Ala. 2010).

The Alabama Supreme Court has viewed these two requirements as working in

tandem. A wrongful death action must be brought by a person appointed as a personal

representative before the two-year expiration. See, e.g., Downtown Nursing, 375 So. 2d

at 466; Waters v. Hipp, 600 So.2d 981, 982 (Ala. 1992)(citing Downtown Nursing). The

Alabama Supreme Court has made clear that a person cannot file suit, allow the two-year

---

[22] See, e.g., Vest v. Dixie-Midwest Express, Inc., 537 So. 2d 13, 14 (Ala. 1988)("There was no administration of
Calvin Vest's estate, hence, no personal representative had been appointed. Indeed, plaintiffs sued in their own
personal capacities, not in any representative capacities. Thus, they had no standing to bring this action.").

[23] See also Waters v. Hipp, 600 So.2d 981, 982 (Ala. 1992)(dismissing suit brought before plaintiffs named personal
representatives as a "nullity")(citing Downtown Nursing).

deadline to pass, and then seek to be appointed personal representative. See, e.g., Brown v. Mounger, 541 So. 2d 463, 463 (Ala. 1989)("Because the Moungers did not receive letters of administration within two years of Nathan's death, they are prohibited from bringing a wrongful death action against Brown.")(relying on Downtown Nursing); Holyfield v. Moates, 565 So. 2d 186, 189 (Ala. 1990)("[I]f the two-year period prescribed by the statute has expired before the representative is 'duly appointed,' the heirs of the decedent are barred from recovery."); Wood v. Wayman, 47 So.3d 1212, 1219 (Ala. 2010).[24]

The Alabama Supreme Court has made exceptions to this rule in limited circumstances.[25] None of these exceptions applies here.

---

[24] Wood v. Wayman, 47 So.3d 1212, 1219 (Ala. 2010)("Because Wayman was not a personal representative appointed by the probate court when she filed the action or at the expiration of the statutory two-year period for filing a wrongful-death action, the trial court erred in denying the physicians' motion to dismiss the action on the basis that Wayman's appointment as personal representative, which became effective nine months after the expiration of the two-year limitations period, could not relate back to the date of Charles's death or to the date of the filing of the wrongful-death action."). See also Richards v. Baptist Health Sys., Inc., 2014 WL 7234930, at *1 (Ala. Dec. 19, 2014)(majority)(summarily affirming lower court) and id. at *1 (Moore, C.J., dissenting)(explaining the facts of the case)("Although the caption of the timely filed complaint identifies Ralph as Mary's personal representative, Ralph did not apply for letters of administration for his mother's estate until July 12, 2010, over nine months after the expiration of the two-year limitations period for filing the wrongful-death action…. On June 6, 2014, the trial court entered a summary judgment for Baptist Health."); Wright v. Woodley Manor Nursing Home, No. 2:06-CV-1041-WKW, 2007 WL 841614, at *4 (M.D. Ala. Mar. 19, 2007)("Plaintiff filed her wrongful death action on October 2, 2006….Plaintiff was not named as the Administrator or Executor of Decedent's estate at that time….Further, the statute of limitations expired on October 3, 2006, two years from Decedent's death. Since there was no administrator as of November 16, 2006, no amendments to Plaintiff's complaint will cure the jurisdictional defect.").

[25] See Holyfield v. Moates,565 So. 2d 186, 188-90 (Ala. 1990)(permitting amendment substituting the plaintiff after the two-year period where the probate court had erroneously granted letters of administration to an out-of-state resident); Ogle v. Gordon, 706 So. 2d 707, 711 (Ala. 1997)(allowing a wrongful death action to proceed though the plaintiff had not been appointed personal representative until after the two-year limitations period had expired when plaintiff applied for letters of administration within that two-year period, but the probate court delayed 27.5 months in granting letters of administration); Ellis v. Hilburn, 688 So. 2d 236, 238-39 (Ala. 1997)(allowing suit to proceed, though plaintiff not formally appointed at time suit was commenced, because the formal appointment happened within the two-year period).

## B.  Parties' Arguments: State v. Federal Authority

It is clear that Ms. Terry was not the personal representative of the estate at the time she initially filed suit. She was not appointed personal representative of the estate before the two-year limitations period ended. However, Ms. Terry filed her short form complaint in this MDL in federal court after she was appointed representative. This scenario presents a common dilemma in our federalist system: does state or federal authority determine whether Ms. Terry can proceed with her case?

The defendants argue that Ms. Terry's claim is time barred under Alabama's statutory framework. Because she was not appointed as representative of the estate when she filed suit, her action is a "nullity."[26] The defendants view a personal representative's

---

[26] The defendants implicitly argue that the plaintiff does not have "standing" and the court has no jurisdiction to hear this claim. Standing and capacity to sue are two different concepts, often confused by lawyers and courts. See Firestone v. Galbreath, 976 F.2d 279, 283 (6th Cir. 1992)("Frequently, attorneys and courts confuse the concepts of standing with that of capacity to sue and with the real party in interest principle. 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1542 (1990). According to Wright, Miller and Kane, 'the real party in interest principle is a means to identify the person who possesses the right sought to be enforced [and] capacity is conceived to be a party's personal right to litigate in a federal court.' Id. Standing involves determination whether the plaintiff can show an injury in fact traceable to the conduct of the defendant. See Allen v. Wright, 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)."); Edens v. Laubach, 838 F.Supp. 510, 513 (D. Kan. 1993) (explaining "real party in interest," capacity, and standing); Hoskinson v. High Gear Repair, Inc., No. 11–1190–JTM–DJW, 2013 WL 4028804, at *5-6 (D. Kan. Aug. 7, 2013)(explaining that appointment of a plaintiff as personal representative goes to legal capacity to sue "as opposed to constitutional standing"); Sowell v. Dominguez, No. 2:09 CV 47, 2011 WL 294758, at *3 (N.D. Ind. Jan. 26, 2011)("[Plaintiff] argues that while defendants state that she does not have standing to sue, their argument is actually that she has a lack of capacity to sue.") (distinguishing standing versus capacity to sue as a personal representative). See also Ex parte Tyson Foods, Inc., 146 So.3d 1041, 1049 (Ala. 2013)(Wise, J., concurring)(explaining the difference between capacity and standing).

The question before the court is whether the plaintiff has the capacity to sue as personal representative, not whether she has standing. See, e.g., Russell v. New Amsterdam Cas. Co., 303 F.2d 674, 678 (8th Cir. 1962)(explaining that a substitution like this one considered here corrects the plaintiff's capacity to sue); Unzueta v. Steele, 291 F.Supp.2d 1230, 1234 (D. Kan. 2003)("The Tenth Circuit distinguishes between real party in interest questions and standing. See Federal Deposit Insurance Corp. v. Bachman, 894 F.2d 1233, 1235 (10th Cir.1990). This is not a question of jurisdiction or standing. Rather, it is a matter of deciding whether substitution is in the interests of justice. Substitution should be permitted 'to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.'" (quoting FED.R.CIV.P. 17(a) 1966 Advisory Committee Notes)); Hill v. Martinez, 87 F.Supp.2d 1115, 1122 (D. Colo. 2000)("[W]hether individuals can sue on behalf of an Estate is best characterized as a question of capacity. The Tenth Circuit has stated that the 'difference between capacity to sue and standing to sue [is that] [t]he former relates to the right to come into court, while the latter relates to the right to relief.'" (quoting Citizens Concerned for Separation of Church and State v. The City and County of

ability to bring a wrongful death action as a substantive right. They cite Erie v. Tompkins, 304 U.S. 64 (1938), and Alabama caselaw to support their argument.

The plaintiff admits that she did not comply with the wrongful death statute's requirements: she was not appointed personal representative when she filed suit, nor within the two-year limitations period. However, Ms. Terry argues that the filing of the short form complaint, after she was formally appointed as personal representative, ratified her wrongful death claim under Federal Rule of Civil Procedure 17(a)(3). Rule 17(a)(3) states:

> **(3) Joinder of the Real Party in Interest**. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

FED. R. CIV. P. 17(a)(3). Under Rule 17(a)(3), the short form complaint can "relate back" to the commencement of the suit, making it timely. Because "relation back" is procedural, the plaintiff argues that the federal rules, not state law, control. The plaintiff cites Hanna v. Plumer, 380 U.S. 460 (1965), and its progeny to support her argument.

---

Denver, 628 F.2d 1289, 1300 (10th Cir. 1980)). See also Ex parte Tyson Foods, Inc., 146 So.3d 1041, 1046 (Ala. 2013)(analogizing the right to bring a wrongful death suit to a capacity to sue in the worker's compensation context and finding that capacity was the proper way to view the issue under Rule 17); Hatas v. Partin, 175 So. 2d 759, 761 (Ala. 1965)("In prosecuting such actions, the personal representative does not act strictly in his *capacity* as administrator of the estate of his decedent…." (emphasis added)); Morris v. Trust Co. of Virginia, Nos. 2:12–CV–1020–WKW, 2:13–CV–930–WKW, 2015 WL 1475487, at *12 (M.D. Ala. Mar. 31, 2015)(explaining that an executor's ability to sue is one of "capacity" and not standing)(citing Ex parte Tyson Foods, Inc., 146 So.3d at 1049). But see Vest v. Dixie-Midwest Express, Inc., 537 So. 2d 13, 14 (Ala. 1988)("There was no administration of Calvin Vest's estate, hence, no personal representative had been appointed. Indeed, plaintiffs sued in their own personal *capacities*, not in any representative capacities. Thus, they had no *standing* to bring this action." (emphasis added)).

Naturally, the defendants oppose "relation back."[27] While Alabama courts have allowed "relation back" under analogous state procedural rules, the Alabama Supreme Court has not permitted "relation back" under these circumstances—where the plaintiff filed for the appointment after the two-year statutory period. See, e.g, Wood v. Wayman, 47 So.3d 1212, 1217 (Ala. 2010)("Because an action brought under the wrongful-death statute is not brought on behalf of the estate, and because the estate gains no benefit from even a successful wrongful-death action, the relation-back provision in § 43–2–831 does not apply to a wrongful-death action brought under § 6–5–410."); Ogle v. Gordon, 706 So. 2d 707, 711 (Ala. 1997)(overruling Strickland v. Mobile Towing & Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974)).[28] Allowing "relation back," the defendants argue, would alter the plaintiff's substantive state right to bring her wrongful death claim.

## C. **Erie v. Hanna**

Erie v. Tompkins, 304 U.S. 64 (1938), requires a federal court with jurisdiction based on diversity of citizenship to apply the substantive law of the forum state. When a Federal Rule of Civil Procedure and state law conflict, analysis under Erie may not be necessary.

In Hanna v. Plumer, 380 U.S. 460 (1965), decided almost thirty years after Erie, the Supreme Court looked at whether federal or state rules of procedure apply when the two conflict in diversity cases. Relying on the power granted federal courts by Congress

---

[27] In anticipation of the plaintiff's "relation back" argument, the defendants argued that "relation back" under Rule 15(c) is also not permissible. The plaintiff does not argue that Rule 15 applies. I will not address the defendants' arguments on this point because they do not appear to be at issue.

[28] For an explanation of how Federal Rule 17 and Alabama Rule 17 are applied differently in this instance, see Estate of Rowell v. Walker Baptist Medical Center, 290 F.R.D. 549 (N.D. Ala. 2013).

in the Rules Enabling Act (the law which gave the judiciary the power to promulgate the federal rules), the Court found that the federal rule controlled and <u>Erie</u> analysis was unnecessary.[29] <u>Hanna</u>, 380 U.S. at 463-64, 471. "The Erie rule has never been invoked to void a Federal Rule." <u>Id.</u> at 470. <u>Erie</u> is only considered after a court has determined that no federal rule is on point. <u>Id.</u>

"When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided Erie Choice: the court has been instructed to apply the Federal Rule, and can refuse to do so *only if* the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions." <u>Id.</u> at 471 (emphasis added).

The Court recognized, as it did in <u>Guaranty Trust Co. of New York v. York</u>, that "the forms and mode of enforcing the right may at times, naturally enough, vary because the two judicial systems are not identic." <u>Hanna</u>, 380 U.S. at 473 (quoting <u>Guaranty Trust</u>, 326 U.S. 99, 108 (1945))(quotation marks omitted). <u>Hanna</u> found that applying federal rules was warranted, even when the outcome would be different under state rules, given the judiciary's "strong inherent power" to "bring about uniformity in the federal

---

[29] The Rules Enabling Act states:

> (a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.

> (b) Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

28 U.S.C.A. § 2072.

courts." <u>Id.</u> at 472-73. "To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act." <u>Id.</u> at 473-74.

### D. Step One: Federal Rule of Civil Procedure 17(a)(3) Controls Under <u>Hanna</u>

Under <u>Hanna</u>, a court must first determine if the federal rule is broad enough to resolve the dispute in question. The question here is whether the plaintiff's short form complaint can relate back to the commencement of the suit. The defendants argue that Rule 17(a)(3) is not on point. They say the Rule was not intended to allow the plaintiff in her capacity as a personal representative to be substituted for herself in her individual capacity. The history of Rule 17(a)(3) and related caselaw contradict this argument.

#### 1. Purpose of Rule 17(a)(3)

In 1966, Rule 17 was amended to add section (a)(3). The Advisory Committee Notes explain that this provision was meant to "codify in broad terms the salutary principle of <u>Levinson v. Deupree</u>, 345 U.S. 648 (1953), and <u>Link Aviation, Inc. v. Downs</u>, 325 F.2d 613 (D.C. Cir. 1963)." The Notes also explain that the Rule is intended to conform with the modern developments of law which have allowed amendment when there has been an "honest mistake" in the filing of an action. <u>See</u> Fed. R. Civ. P. 17, Advisory Committee's Note (1966). Since 1966, Rule 17 has remained unchanged, but

for stylistic alterations.[30] See FED. R. CIV. P. 17, Advisory Committee's Note (1987, 1988,  2007).

Like this case, Levinson v. Deupree involved an action brought by the administrator of a decedent's estate. 345 U.S. at 649. The defendants to the action contested the administrator's capacity to sue, arguing that the estate was void in the county where the administrator had been appointed. Id. The administrator then sought appointment in the proper county and moved to amend the complaint. Id. The trial court found that the suit was time barred because the statute of limitations had run before the amendment was made. Id. at 650. The trial court did not allow the amendment to "relate back" to the initial filing. Id. at 649.

The Supreme Court recognized that the action involved "peculiarities" of state law. The Court framed the issue as whether the federal court was "imprisoned by procedural niceties relating to amendments of pleadings" in administering state law remedies. Id. at 650-51. While Levinson was a suit brought in admiralty and not diversity, the Court explained that "forms and modes" of the right are not considered "an integral part of the right" created by the state law. Id. at 652.

The Court held that "federal practice controls the question [of] whether the administrator, holding an effective appointment under [state] law, should be permitted to amend his [claim] so as to allege that appointment, at a time when the applicable statute of limitations would bar a new suit." Id.

---

[30] See also Estate of Rowell v. Walker Baptist Medical Center, 290 F.R.D. 549, 554 (N.D. Ala. 2013)("The language of that portion of Rule 17(a)…became effective on July 1, 1966, more than sixteen years before the Eleventh Circuit's opinion. The relevant language remained the same for another quarter-century, until the amendments that [became] effective on December 1, 2007, which were intended to be stylistic only.").

In <u>Link Aviation, Inc. v. Downs</u>, insurers sought to substitute themselves for the insured plaintiffs through an amendment of the complaint, after the statute of limitations had run. 325 F.2d 613, 614 (D.C.Cir. 1963). The subrogation of the insurer happened before the suit was filed, making the insurer the real party in interest at the time of filing. <u>Id.</u> at 613-14. "The crux of the defendants' contention thus [was] their premise that since the insureds were not the real parties in interest the suit brought by them was a nullity which could not toll the statute limitations for the purpose of preserving the claim of the subrogees." <u>Id.</u> at 614. Nonetheless, the court rejected this argument and allowed the substitution and amendment to relate back to the initial filing. <u>Id.</u> at 614-15.

Courts have routinely used Rule 17(a)(3) to allow a party bringing a wrongful death claim in her individual capacity to later be substituted by herself in her official capacity as personal administrator.[31] <u>See, e.g.</u>, <u>Hess v. Eddy</u>, 689 F.2d 977, 979, 982 (11th Cir. 1982), *cert. denied*, 462 U.S. 1118 (1982)(allowing widow to ratify her status as personal representative after appointment under Rule 17(a)); <u>Fortunato v. Handler</u>, 969 F.Supp. 963, 966-68 (W.D. Pa. 1996)("Although Paul Fortunato was not appointed administrator of decedent's estate until [after suit was commenced] his post-appointment ratification of that suit has the same effect as if the action had initially been commenced in the name of the real party in interest pursuant to Fed.R.Civ.P. 17(a)."); <u>Estate of Rowell v. Walker Baptist Medical Center</u>, 290 F.R.D. 549, 551, 563 (N.D. Ala. 2013)(allowing personal representative to amend complaint to show official capacity as

---

[31] This often happens in the context of § 1983 wrongful death cases. While the cases I cite have jurisdiction based on § 1983, and not diversity of citizenship, these cases are still persuasive. Courts borrow states' limitations periods for § 1983 cases because Congress did not provide a limitations period in § 1983. For this reason, the analysis required in § 1983 cases is similar to what is required in this case, based in diversity.

14

personal representative under Rule 17(a)); <u>Boston v. Davis</u>, No. 3:11CV450, 2011 WL

6935710, at *6-7 (W.D. N.C. Dec. 29, 2011)(allowing substitution of plaintiff for herself

as administrator when suit initially brought in her individual capacity under Rule 17(a) of

personal representative); <u>Webster v. Gower</u>, No. 2:07–CV–888–DN, 2010 WL 520522,

at *4-5 (D. Utah Feb. 8, 2010)(allowing substitution of estate of decedent for plaintiffs

who were heirs bringing the cause in their individual capacities under Rule 17(a)(3));

<u>Unzueta v. Steele</u>, 291 F.Supp.2d 1230, 1233-34 (D. Kan. 2003)(allowing a plaintiff to

substitute herself in her capacity as administrator of the estate in a wrongful death action

for herself as Special Administrator of the Estate under Rule 17(a)).[32]

## 2. Rule 17(a)(3) Clearly Controls the Issue in Dispute

In this case, Federal Rule of Civil Procedure 17 allows "relation back" to ratify

this claim. On its face, Rule 17 states that "[t]he court may not dismiss an action for

failure to prosecute in the name of the real party in interest" until ratification or

substitution of the appropriate plaintiff has been attempted.[33] Rule 17(a)(3) provides that

---

[32] <u>See also Missouri, K. & T. Ry. Co. v. Wulf</u>, 226 U.S. 570, 575 (1913)(allowing relation back/plaintiff substituted herself as administratrix for herself in her individual capacity related to a federal employers' liability act though the amendment occurred after the limitations period pre-Rule 17(a)); <u>Russell v. New Amsterdam Cas. Co.</u>, 303 F.2d 674, 675, 680-81 (8th Cir. 1962)(allowing complaint to be amended to substitute plaintiff as personal representative for herself in her individual capacity).

[33] The defendants argue that Ms. Terry's failure to be formally appointed was not an "honest mistake" as contemplated by the Advisory Committee Notes of Federal Rule of Civil Procedure 17. She and her sister had been represented by local counsel in an accidental death insurance dispute that occurred prior to the filing of the suit. She was then represented by counsel in this action. They argue by implication that counsel should have "known better." She should have been advised to become formally appointed within the two-year period, in compliance with Alabama law.

Why Ms. Terry did not seek to be appointed as personal representative until long after the two-year period is not clear. Seemingly, counsel assumed (as they have argued) that Rule 17 would apply. If I had applied New Jersey law, as the defendants had argued I should, relation back would have applied. Given the unique stature of the Alabama wrongful death statute, any non-compliance with the Alabama law could be seen as an "honest mistake" and not an intentional means of evading the statute of limitations. <u>See Gardner v. State Farm Fire & Cas. Co.</u>, 544 F.3d 553,

relation back is required in all but limited circumstances.[34] See FED. R. CIV. P. 17,

Advisory Committee Notes (1966). Rule 17(a)(3) directly conflicts with Alabama law

---

563 (3d Cir. 2008)(quoting U.S. ex rel. Wulff v. CMA, Inc., 890 F.2d 1070, 1074 (9th Cir. 1989)); In re Enron Corp. Securities, Derivative & ERISA Litigation, 279 F.R.D. 395, 412 (S.D. Tex. 2011)(citing Wulff, 890 F.2d at 1075). It was not as if plaintiff's counsel filed this suit on her behalf, without her knowledge, and later sought her substitution after the statutory period had run. This scenario would seem to violate the principle behind Rule 17. See Brennan v. Smith's Estate, 301 F.Supp. 307, 309 (M.D. Pa. 1969)("The failure to designate the proper party was an excusable oversight."). I consider the mistake "honest" and "understandable," given the circumstances.

[34] The defendants argue that the plaintiff cannot relate back under Rule 17 because Ms. Terry must have had the legal right to sue under the Alabama Wrongful Death Act and must have had a legal existence as a prerequisite to invoke Rule 17(a)(3). The defendants cite In re Engle Cases, No. 3:09–cv–10000–J–32JBT, 2013 WL 8115442 (M.D. Fla. Jan. 22, 2013), to support this point. Engle involved personal injury actions for damages allegedly caused by smoking cigarettes. Id. at *1. Plaintiffs' counsel had filed some of these suits on behalf of individuals who were purportedly living at the time of commencement. Id. More than four years later, plaintiffs' counsel conceded that these individuals were actually dead at the time of filing. Id. At that late date, plaintiffs' counsel attempted to both change the substantive claims in the action from personal injury to wrongful death and survival and to substitute the proper plaintiffs under Rule 17. Id. Counsel argued that this was a "pleading deficiency" rather than a jurisdictional defect. Id. The defendant cigarette companies moved to dismiss because the cases filed by the deceased plaintiffs were "legal nullities." Id. The court agreed and dismissed those suits because "a lawsuit filed in the name of a deceased individual is a nullity over which the Court has no jurisdiction." Id. at *2. Engle made clear that its holding was based on that fact that the plaintiffs in that case had died before the lawsuits were filed in their names. Id. at *3-4.

The situation presented in Engle was the exact scenario to which Rule 17 should not apply. As the Advisory Committee's Notes to Rule 17 explain:

> The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made. It does not mean, for example, that, following an airplane crash in which all aboard were killed, an action may be filed in the name of John Doe (a fictitious person), as personal representative of Richard Roe (another fictitious person), in the hope that at a later time the attorney filing the action may substitute the real name of the real personal representative of a real victim, and have the benefit of suspension of the limitation period. It does not even mean, when an action is filed by the personal representative of John Smith, of Buffalo, in the good faith belief that he was aboard the flight, that upon discovery that Smith is alive and well, having missed the fatal flight, the representative of James Brown, of San Francisco, an actual victim, can be substituted to take advantage of the suspension of the limitation period.

FED. R. CIV. P. 17, Advisory Committee Notes (1966).

The Eleventh Circuit affirmed Engle, explaining that:

> Rule 17 was not promulgated to allow lawyers to file placeholder actions ([plaintiffs' counsel] called them "protective filings") to keep a limitations period open while they investigate their claims and track down the proper parties. If we were to adopt the approach plaintiffs' counsel propose—and thus compel courts to allow substitution any time the real plaintiff is waiting in the wings-we would read this limitation out of existence and enable, in fact encourage, lawyers to file complaints without proper authorization or investigation. Such a result would run counter not only to the policy underpinnings of Rule 17, but also those of Rule 11 and, in a very real sense, obstruct the district courts' ability to administer justice to litigants waiting for their cases to be heard.

In re Engle Cases, 767 F.3d 1082, 1113-14 (11th Cir. 2014). That is not our case. Engle is distinguishable.

which does not permit relation back in this instance. See, e.g, Wood v. Wayman, 47 So.3d 1212, 1217 (Ala. 2010)("Because an action brought under the wrongful-death statute is not brought on behalf of the estate, and because the estate gains no benefit from even a successful wrongful-death action, the relation-back provision in § 43–2–831 does not apply to a wrongful-death action brought under § 6–5–410."); Ogle v. Gordon, 706 So. 2d 707, 711 (Ala. 1997)(overruling Strickland v. Mobile Towing & Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974)).

As the Third Circuit has explained, "[u]nder Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the question of relation back is procedural and therefore properly analyzed according to federal practice. 3 J. Moore, supra, ¶ 15.15[2]." Nelson v. County of Allegheny, 60 F.3d 1010, 1014 n. 5 (3d Cir. 1995).[35] The scope of Federal Rule 17(a)(3) is broad enough to control this dispute. See Esposito v. United States, 368 F.3d 1271, 1278 (10th Cir. 2004)("Rule 17(a) is designed to prevent forfeitures, and as such must be given broad application.").[36] Because the Federal Rules provide a solution

---

[35] See Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund, 692 F.3d 283, 303 (3d Cir. 2012)("[In Shady Grove] a plurality of the Court stated that the 'collision' inquiry does not depend on 'the substantive or procedural nature or purpose of the affected state law,' but rather 'substantive or procedural nature of the Federal Rule.'" (citing Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 409-10 (2010)(Scalia, J.)(plurality opinion)). See also Gregg v. Kane, No. CIV.A. 95–4630, 1996 WL 606326, at *2 n. 3 (E.D. Pa. Oct. 18, 1996)("[R]elation back is a procedural matter, and thus governed by federal and not state practice.")(citing Loudenslager); Burton v. Nippon Yusen Kaisha (N.Y.K. Line), Civ. A. No. 89–6297, 1989 WL 140468, at *1 (E.D. Pa. Nov. 17, 1989)("The rule in this Circuit is that, even in diversity cases, the question whether an amendment relates back is one of federal law.")(citing Loudenslager); Macario v. United Technologies Corp., CIV. A. Nos. 86–4951, 86–5457, 86–5458, 87–0468 and 87–0490, 1988 WL 50340, at *1 (E.D. Pa. May 18, 1988)(same); Patraka v. Armco Steel Co., 495 F.Supp. 1013, 1016 (M.D. Pa. 1980)(allowing relation back though state law would time bar the claim); Roesberg v. Johns-Manville Corp., 89 F.R.D. 63, 66-68 (E.D. Pa. 1981)("The question properly may be considered one of federal practice and policy under Rule 15 and state law does not control.")(discussing Hanna, Erie, and Loudenslager); Curry v. Johns–Manville Corp., 93 F.R.D. 623, 625 n. 3 (E.D. Pa. 1982).

[36] See also Shady Grove, 559 U.S. at 421 (2010)(Stevens, J., concurring)("The court must first determine whether the scope of the federal rule is 'sufficiently broad' to 'control the issue' before the court, 'thereby leaving no room

to the question in dispute, there is no need to determine if the plaintiff's ability to "relate back" falls under <u>Erie</u>. <u>See</u> <u>Hanna v. Plumer</u>, 380 U.S. 460, 469-71 (1965); <u>Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.</u>, 559 U.S. 393, 398 (2010)(majority).[37]

**E.  Step Two: Rule 17(a)(3) is Valid under the Rules Enabling Act**

Unfortunately, the analysis does not end there. While <u>Hanna</u> was clear that a federal rule on point would apply, the Court created a caveat: a rule would not apply if its promulgation exceeded its authority under the Rules Enabling Act. <u>Hanna</u>, 380 U.S. at 471. As the defendants argue, the Rules Enabling Act does not permit federal rules to "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072. According to the defendants, "relation back" would alter the plaintiff's rights under the Alabama wrongful death statute in this instance, thereby violating the Rules Enabling Act.[38]

---

for the operation' of seemingly conflicting state law.'" (citing <u>Burlington Northern R. Co. v. Woods</u>, 480 U.S. 1, 4-5 (1987); <u>Walker v. Armco Steel Corp.</u>, 446 U.S. 740, 749-50 (1980)).

[37] <u>See also</u> <u>Loudenslager v. Teeple</u>, 466 F.2d 249, 250 (3d Cir. 1972)(explaining that the district court erred in using <u>Erie</u> to prevent an amendment to change a party defendant because Rule 15, not state law, was controlling on whether relation back was permitted after the statute of limitations had run); <u>Hayes v. Federal Bureau of Prisons</u>, No. 03-1219, 82 Fed.Appx. 769, 771 (3d Cir. Dec. 17, 2003)("When reviewing a diversity case involving Rule 15, we apply federal law.")(citing <u>Loudenslager</u>, 466 F.2d at 250).

[38] While the analysis of when a federal rule might alter a substantive right was called into question by the splintered opinion of <u>Shady Grove</u>, the majority of the justices agreed that the way to determine if the Rules Enabling Act was violated by a federal rule was to first apply the <u>Hanna</u> test and then to analyze the federal rule under the Rules Enabling Act. <u>See</u> <u>Shady Grove</u>, 559 U.S. at 410-11 (Scalia, J.)(plurality of four justices)("A few words in response to the concurrence. We understand it to accept the framework we apply—which requires first, determining whether the federal and state rules can be reconciled (because they answer different questions), and second, if they cannot, determining whether the Federal Rule runs afoul of § 2072(b). Post at 1450–1452 (STEVENS, J., concurring in part and judgment)") and <u>id.</u> at 421 (Stevens, J., concurring)("When both a federal rule and a state law appear to govern a question before a federal court sitting in diversity, our precedents have set out a two-step framework for federal courts to negotiate this thorny area."). The two diverge on what analysis is required under the Rules Enabling Act for the second step. <u>See</u> <u>id.</u> at 424-28 (Stevens, J. concurring).

Hanna did not explain when a federal rule might be considered invalid as altering a substantive right.[39] The Court simply reiterated an earlier holding: "[t]he test must be whether a rule really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." Hanna, 380 U.S. at 464 (quoting Sibbach v. Wilson & Co., 312 U.S. 1, 14 (1941)).

### 1.  **Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.**

The question of when a federal rule might alter a substantive right was revisited by the Supreme Court recently. In Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 398 (2010), the Supreme Court reaffirmed Hanna's main tenet: a Federal Rule of Civil Procedure covering a dispute governs, notwithstanding a contrary state law. "We do not wade into Erie's murky waters unless the federal rule is inapplicable or invalid." Id. (citing Hanna, 380 U.S. at 469–471)(majority opinion). However, a majority of the Justices could not agree on what the second step of the analysis involved.

---

[39] The defendants offer no caselaw showing that Rule 17(a)(3) is invalid *per se*. I have found none as well. See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 407 (2010)(Scalia, J.)(plurality opinion)("Applying that test, we have rejected every statutory challenge to a Federal Rule that has come before us."). Hanna, itself, affords the Federal Rules a prima facie judgment of validity. See Hanna, 380 U.S. at 471("When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided Erie Choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their *prima facie judgment* that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions." (emphasis added)). See also Laura E. Little, Out of Woods and Into the Rules: The Relationship Between State Foreign Corporation Door-Closing Statutes and Federal Rule of Civil Procedure 17(b), 72 Va. L. Rev. 767, 804 (May 1986)("[T]here is a generally acknowledged presumption that the process of approval of a Federal Rule of Civil Procedure by the Advisory Committee, the Judicial Conference, the Supreme Court, and Congress affords the Rule prima facie validity under the Rules Enabling Act.").

Justice Scalia, writing for the plurality, explained that the <u>Sibbach</u> test "is not whether the rule affects a litigant's substantive rights; most procedural rules do." <u>Id.</u> at 407 (Scalia, J.)(plurality opinion)(Section II B)(citing <u>Mississippi Publishing Corp. v. Murphree</u>, 326 U.S. 438 (1946)). "What matters is what the rule itself regulates: If it governs only 'the manner and the means' by which the litigants' rights are 'enforced,' it is valid; if it alters 'the rules of decision by which [the] court will adjudicate [those] rights,' it is not." <u>Id.</u> (quoting <u>Mississippi Publishing</u>, 326 U.S. at 446).[40]

In <u>Interfaith Community Organization v. Honeywell Intern., Inc.</u>, 726 F.3d 403 (3d Cir. 2013), the Third Circuit adopted this language in determining whether an application of a Federal Rule violated the Rules Enabling Act.[41] <u>Id.</u> at 406, 409 (quoting <u>Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.</u>, 559 U.S. 393, 407 (2010)(Scalia, J.)(plurality opinion))(finding that Rule 68 did not violate the Rules Enabling Act, when applied to rights under a federal environmental statute). As both the Third Circuit and the <u>Shady Grove</u> plurality explained, "it is not the substantive or procedural nature or purpose of the affected state law that matters…but the substantive or

_____

[40] Justice Stevens in a concurrence laid out a different analysis for Step Two. The remaining Justices dissented based on the decision at Step One and did not speak to what was required under Step Two. <u>See Shady Grove</u>, 559 U.S. at 436 (Ginsburg, J., dissenting).

[41] The Second Circuit has also adopted the Justice Scalia's plurality language for the analysis under Step Two. <u>See Federal Treasury Enterprise Sojuzplodoimport v. SPI Spirits Ltd.</u>, 726 F.3d 62, 83 (2d Cir. 2013). Using Justice Scalia's "test," the Second Circuit considered whether Rule 17(a) violated the Rules Enabling Act under the Lanham Act. <u>Id.</u> at 66, 82-84. In that case, an assignment was the plaintiff's basis for standing to sue. <u>Id.</u> at 68-70. The defendant challenged this substitution of the plaintiff for the real party in interest as being beyond the scope of Rule 17. <u>Id.</u> at 70-71. The Second Circuit agreed and found that Rule 17(a) enlarged the plaintiff's standing such that its application would "extend the entitlement to sue to a new party that is otherwise unauthorized under the statute at issue to bring suit." <u>Id.</u> at 83-84. The facts of that case are distinguishable from this one. Here, there has been no assignment and the challenge is not one of standing but of capacity to sue.

procedural nature of the Federal Rule.'" <u>Knepper v. Rite Aid Corp.</u>, 675 F.3d 249, 264-65

(3d Cir. 2012)(quoting <u>Shady Grove</u>, 559 U.S. at 409-10 (Scalia, J.)(plurality)).

## 2.  Substantive v. Procedural Nature of Rule 17

The defendants argue that the limitations period is a "substantive" element of the

Alabama wrongful death claim which cannot be superseded by Rule 17(a)(3). Limitations

periods are typically considered substantive. <u>See, e.g.</u>, <u>Ciccarelli v. Carey Canadian</u>

<u>Mines, Ltd.</u>, 757 F.2d 548, 552 (3d Cir. 1985)("[S]tatutes of limitations are considered

substantive [law]."). Nonetheless, courts often find that the use of "relation back" does

not alter this "substantive right." <u>See, e.g.</u>, <u>Fortunato v. Handler</u>, 969 F.Supp. 963, 966-68

(W.D. Pa. 1996)(allowing relation back under Federal Rule of Civil Procedure 17 though

the state law would not allow it)(citing <u>Hess</u>, <u>Hanna</u>, and <u>Levinson</u>).[42] These courts

---

[42]<u>See also</u> <u>Wadsworth v. U.S. Postal Service</u>, 511 F.2d 64, 66 (7th Cir. 1975)("The time bar is jurisdictional, but the jurisdictional requirement was satisfied by the timely filing of suit for the full amount of the claim, and jurisdiction is not disturbed by an amendment correcting parties."); <u>Darmanchev v. Roystshteyn</u>, 234 F.R.D. 78, 82 (E.D. Pa. 2005)(Stengel, J.)("If this case had been brought in state court, it would have been considered *void ab initio*. Dismissal would have been its only option and filing a new cause of action would have been time-barred by the statute of limitations. However, because the Federal Rules of Civil Procedure provide for liberal allowance to amend pleadings, including the naming of new parties, and the relation back of amendments under certain circumstances, this case can be allowed to continue through the judicial process."); <u>Patraka v. Armco Steel Co.</u>, 495 F.Supp. 1013, 1016 (M.D. Pa. 1980)(allowing relation back though state law would time bar the claim); <u>Brennan v. Smith's Estate</u>, 301 F.Supp. 307, 309 (M.D. Pa. 1969)(allowing relation back under the federal rules on Pennsylvania wrongful death and survival claims though the statute of limitation had run before the plaintiff had not been formally pointed administratrix of the estate before the statute of limitations had running)(citing <u>Crowder</u>); <u>Loudenslager v. Teeple</u>, 466 F.2d 249, 250 (3d Cir. 1972)(explaining that the district court erred in using <u>Erie</u> to prevent an amendment to change a party defendant because Rule 15, not state law, was controlling on whether relation back was permitted after the statute of limitations had run); <u>Hoskinson v. High Gear Repair, Inc.</u>, No. 11–1190–JTM–DJW, 2013 WL 4028804, at *8 (D. Kan. Aug. 7, 2013)(allowing appointment of personal representative done after the statute of limitations to relate back to the commencement of the suit under Fed. R. Civ. P. 17(a)(3) in Kansas survival action); <u>Brohan v. Volkswagen Mfg. Corp. of America</u>, 97 F.R.D. 46, 48-49 (E.D.N.Y.1983)(allowing relation back though plaintiff had been appointed personal representative after statute of limitations had expired).

<u>But see</u> <u>Hassanati v. International Lease Finance Corp.</u>, 51 F.Supp.3d 887, 902-03 (C.D. Cal. 2014)("Courts have declined to apply Rule 17(a) in [Death on the High Seas Act] actions where plaintiffs filed suit within the statute of limitations alleging that they were the personal representatives of a decedent's estate, but did not obtain appointment until after the statute of limitations had expired...Other courts, by contrast, have permitted DOHSA actions to proceed where the plaintiff filed suit when not yet appointed personal representative, and secured appointment only after the statute of limitations had expired.") and at 909 (not allowing relation back because no appointment as

recognize that the principles underlying the Federal Rules and those espoused in Supreme Court precedent warrant ratification of claims.

In <u>Hess v. Eddy</u>, the Eleventh Circuit was faced with the same dilemma: whether relation back would permit ratification of an Alabama wrongful death claim brought under § 1983 after the limitations period had run. 689 F.2d 977, 979 (11th Cir. 1982), <i>cert. denied</i>, 462 U.S. 1118 (1982). The district court dismissed the plaintiff's action because she had not been appointed administratrix of her husband's estate until after the two-year limitations period on the Alabama wrongful death statute expired. <u>Id.</u> Relying on Alabama state law which rejects the "relation back" doctrine in wrongful death actions, the district court did not allow it and dismissed the case. <u>Id.</u> at 979-80. The Eleventh Circuit found this to be in error and reversed.[43] <u>Id.</u> at 979-80.

The Eleventh Circuit found that Rule 17(a) applied, even though state law did not allow relation back. <u>Id.</u> at 981. <u>Hess</u> relied on the "clear language" of Rule 17 and the federal policy to allow actions to be adjudicated on their merits not on procedural technicalities. <u>Id.</u> (quoting <u>Surowitz v. Hilton Hotels Corp.</u>, 383 U.S. 363, 373 (1966)).

In <u>Crowder v. Gordons Transports, Inc.</u>, 387 F.2d 413 (8th Cir. 1967), the Eighth Circuit also reversed a decision by the district court dismissing a wrongful death claim brought under Missouri state law. 387 F.2d 413, 414 (8th Cir. 1967).

---

personal representatives before statute of limitations ran); <u>In re Enron Corp. Securities, Derivative & ERISA Litigation</u>, 279 F.R.D. 395, 412 (S.D. Tex. 2011)(denying motion to allow relation back under Rule 17).

[43] <u>But see</u> <u>Wright v. Woodley Manor Nursing Home</u>, No. 2:06-CV-1041-WKW, 2007 WL 841614, at *4 (M.D. Ala. Mar. 19, 2007)(dismissing wrongful death claim for failure to state a claim because plaintiff had not been appointed administrator and therefore was unable to bring the claim under Alabama statute)(relying on Alabama state law with no analysis under <u>Hanna</u> or other Supreme Court precedent).

Like Alabama, Missouri law also required a claim be brought by a decedent's representative within a set time frame. Id. The district court dismissed the claim because "the cause of action asserted by the plaintiff in the Amended Complaint is barred by the statute of limitations which is a part of the statute creating the right of action..." 387 F.2d 413, 414 (8th Cir. 1967). Recognizing that "the issue of relation back is one of procedure and is controlled by the Federal Rules of Civil Procedure" under Hanna, the Eighth Circuit held that the Federal Rules controlled and the amendment was permissible under the "relation back" doctrine.[44] Id. at 419. Crowder too pointed to the federal policy that adjudication on the merits should not trump technical mistakes. Id. at 418 (quoting Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 373 (1966)).

### 3.  Application of Shady Grove to This Case

Levinson recognized that the "peculiarities" of state law should not "imprison" a federal court when it is clear the plaintiff has a valid claim but for the procedural defect. Levinson, 345 U.S. at 650-51. Rule 17(a)(3) was an outgrowth of this decision. See FED. R. CIV. P. 17, Advisory Committee Notes (1966). "[T]he forms and mode of enforcing the right may at times, naturally enough, vary because the two judicial systems are not identic." Hanna, 380 U.S. at 473 (quoting Guaranty Trust, 326 U.S. 99, 108 (1945))(quotation marks omitted). But, as Hanna stressed,  "[o]ne of the shaping purposes of the Federal Rules is to bring about uniformity in the federal courts by getting

---

[44] Crowder relied on both Rules 17 and 15 in making its decision. 387 F.2d at 418-19.

away from local rules."[45] <u>Hanna</u>, 380 U.S. at 472. In light of this precedent, I find Rule

17 in this instance is in line with the terms of the Rules Enabling Act and relevant

constitutional considerations. <u>See</u> <u>id.</u> at 471.

Under Justice Scalia's <u>Shady Grove</u> framework (which has been adopted in this

Circuit), Rule 17(a)(3) would not alter a substantive right under Alabama's wrongful

death statute. "[I]t is not the substantive or procedural nature or purpose of the affected

state law that matters, but the substantive or procedural nature of the Federal Rule." <u>See</u>

<u>Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.</u>, 559 U.S. 393, 410

(2010)(Scalia, J.)(plurality opinion). "Relation back" under Rule 17 is typically seen as

procedural. <u>See, e.g.</u>, <u>Nelson v. County of Allegheny</u>, 60 F.3d 1010, 1014 n. 5 (3d Cir.

1995)("Under <u>Hanna v. Plumer</u>, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the

question of relation back is procedural and therefore properly analyzed according to

federal practice. 3 J. Moore, supra, ¶ 15.15[2]."); <u>Gregg v. Kane</u>, No. CIV.A. 95–4630,

1996 WL 606326, at *2 n. 3 (E.D. Pa. Oct. 18, 1996)("[R]elation back is a procedural

matter, and thus governed by federal and not state practice.")(citing <u>Loudenslager</u>);

<u>Burton v. Nippon Yusen Kaisha (N.Y.K. Line)</u>, Civ. A. No. 89–6297, 1989 WL 140468,

---

[45] Especially in this context of an MDL, the uniform application of federal rules is necessary. As the plaintiff points out, the question of which state's law would be applied to the wrongful death claim (Alabama or New Jersey) was a disputed one until I rendered my choice-of-law decision in May. If I had applied New Jersey law instead, as the state court judge in New Jersey had in a similar case, relation back would have been permitted. To allow one plaintiff's claims to stand while another's are dismissed based simply on the court's analysis of this "choice" could produce arbitrary and varied results across the MDL.

This is not to say that relation back should apply in every situation in which the plaintiff has failed to comply with procedural requirements after the statutory period. <u>See</u> 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice And Procedure: Civil 3D § 1555 (2013)("A literal interpretation of Rule 17(a)(3) would make it applicable to every case in which an inappropriate plaintiff has been named."). However, instances such as this warrant application of the Rule. <u>See</u> <u>id.</u> ("However, the rule should be applied only to cases in which substitution of the real party in interest is necessary to avoid injustice.").

at *1 (E.D. Pa. Nov. 17, 1989)("The rule in this Circuit is that, even in diversity cases, the question whether an amendment relates back is one of federal law.")(citing Loudenslager).

It is true: Alabama's wrongful death statute is unique in its policy objectives and how it determines liability—allowing only punitive damages and not compensatory damages.[46] However, its dualistic "right" of an appointed personal representative to file suit within a limitations period operates like other wrongful death statutes.[47] The appointment of the personal representative speaks to *how* the plaintiff may bring the wrongful death claim, not *what* elements a wrongful death claim includes. Allowing relation back would not change the substance of the Alabama law: its focus on the defendants' conduct, the allowance for only punitive damages, or what legal theories and

---

[46] See, e.g., Savannah & M.R. Co. v. Shearer, 58 Ala. 672, 680 (1877)("The damages [under the wrongful death statute] are punitive…."); Industrial Chemical & Fiberglass Corp. v. Chandler, 547 So.2d 812, 818 (Ala. 1988)("[T]he statute is 'punitive' in its purposes…"); Louis Pizitz Dry Goods Co., Inc. v. Yeldell, 274 U.S. 112, 114 (1927)("The legislation now challenged has been on the statute books of Alabama in essentially its present form since 1872."); Boudreaux v. Pettaway, 108 So.3d 486, 496-98 (Ala. 2012)(reaffirming the purpose of the wrongful death statute as protecting the lives of Alabama citizens), *overruled on other grounds by*, Gillis v. Frazier, --- So.3d ----, 2014 WL 3796382, at *6 (Ala. Aug. 1, 2014).

[47] See, e.g., Daniels v. National R.R. Passenger Corp., No. 5:11–CV–290–BO, 2011 WL 5870056, at *1 (E.D. N.C. Nov. 22, 2011)("In North Carolina, a wrongful death action for damages may be brought only by the personal representative or collector of the decedent. N.C. Gen.Stat. § 28A–18–2(a); Westinghouse v. Hair, 107 N.C.App. 106, 107 (1992). A wrongful death action must be brought within two years of the death of the decedent, and the plaintiff bears the burden of showing that he has the capacity to bring suit. Westinghouse, 107 N.C.App. at 107."); Anderson v. Bristol, Inc., 847 F.Supp.2d 1128, 1133-34 (S.D. Iowa 2012)(explaining how wrongful death statute of Iowa requires action to be brought by a legal representative within the two years statute of limitations period); Sowell v. Dominguez, No. 2:09 CV 47, 2011 WL 294758, at *2 (N.D. Ind. Jan. 26, 2011)("Defendants assert that the personal representative is the only person with 'standing to bring any claim on behalf of the estate' of a deceased person. Since Sowell was not appointed the personal representative within two years of Odumabo's death, defendants argue that her claim for wrongful death should be dismissed under Indiana law.") and at *4 (quoting Indiana Wrongful Death Act: "When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years...."); Russell v. New Amsterdam Cas. Co., 303 F.2d 674, 675 (8th Cir. 1962)(explaining that Nebraska wrongful death statute requires a claim to be brought by a "personal representative" within two years of the decedent's death); Crowder v. Gordons Transports, Inc., 387 F.2d 413, 419 (8th Cir. 1967)(discussing same requirements of Missouri wrongful death statute); Brennan v. Smith's Estate, 301 F.Supp. 307, 309 (M.D. Pa. 1969)(recognizing the same requirements under Pennsylvania law).

defenses may be made under its products liability doctrine.[48] It will only change the "manner and means" by which the right is enforced. Applying Rule 17 to this claim would not alter "the rules of decision by which [the] court will adjudicate" the wrongful death claim. See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 407 (2010)(Scalia, J.)(plurality opinion); Interfaith Community Organization v. Honeywell Intern., Inc., 726 F.3d 403, 409 (3d Cir. 2013); Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 446 (1946).

Allowing ratification of the plaintiff's claim under Rule 17(a)(3) would not "abridge, enlarge or modify" the plaintiff's substantive rights under Alabama law. See Rules Enabling Act, 28 U.S.C. § 2072. Applying Rule 17(a)(3) in this instance is not a violation of the Rules Enabling Act.[49]

---

[48] Alabama law does not recognize pure strict liability in the products liability context. Instead, the Alabama Supreme Court in 1976 adopted a "hybrid" doctrine—the Alabama Extended Manufacturer's Liability Doctrine (AEMLD)—which requires the plaintiff to show fault and permits traditional negligence-based affirmative defenses. See Atkins v. Am. Motors Corp., 335 So. 2d 134, 137 (Ala. 1976)("Our holding rejects the adoption of the pure strict tort liability theory urged by the plaintiff-appellant. On the other hand, it is not an adherence to the traditional negligence theory of tort liability urged by the defendant-appellee."); Casrell v. Altec Indus., Inc., 335 So. 2d 128, 132 (Ala. 1976)("We do not intend to impose a no-fault concept. On the other hand, we adhere to the tort concept of fault. Under the 'extended manufacturer's liability doctrine,' we opine that a manufacturer, or supplier, or seller, who markets a product not reasonably safe when applied to its intended use in the usual and customary manner, constitutes negligence as a Matter of law….Liability-subject to allowable legal defenses-attaches solely because the defendants have exposed expected users of a product not reasonably safe to unreasonable risks.").

[49] The defendants also cite to two district court cases: Knauer v. Johns-Manville Corp., 638 F. Supp. 1369 (D. Md. 1986), and Conley v. Ethex Corp., No. 10–1455, 2012 WL 32445 (W.D. Pa. Jan. 3, 2012). Knauer did find that the limitations period on a Maryland wrongful death statute was a condition-precedent and was, therefore, substantive law under Erie, its progeny, Maryland law, and the Rules Enabling Act. Id. at 1373-80. However, Knauer only considered whether relation back was possible under Rule 15, and not Rule 17. Id. at 1378-84, 1388.

Conley also found a suit filed by an executor of an estate who had not been formally appointed as personal representative of the decedent was a "nullity." No. 10–1455, 2012 WL 32445, at *12 (W.D. Pa. Jan. 3, 2012). Conley dismissed the wrongful death action based on "standing." Id. Conley failed to discuss the federal rules, Erie, Hanna, or the Rules Enabling Act. Instead, Conley relied on Virginia case law that said "relation back" was not permitted and went no further. Id. Neither Knauer or Conley are persuasive.

### F. The Plaintiff's Short Form Complaint Ratified Her Wrongful Death Claim under Rule 17(a)(3)

I engaged in the two-step analysis above because the Supreme Court dictates that I follow this procedure. However, the argument that Ms. Terry's wrongful death claim should be dismissed is really an exercise in semantics. The short form complaint was filed over a year and a half ago. At the time that complaint was filed, Ms. Terry had been appointed personal representative of the estate. She was "the real party in interest." This "substitution" of Ms. Terry in her capacity as personal representative for herself in her individual capacity cured any deficiency or confusion about her ability to bring the wrongful death claim.

The short form complaint did not change anything in terms of "notice."[50] Like the Writ of Summons and the original state court complaint, the short form complaint identified Ms. Terry as the personal representative of the estate. *After* the filing of the short form complaint, the parties engaged in the bulk of discovery, including depositions, expert discovery, interrogatories, facts sheets, document productions, and the like. During this timeframe, the case was in federal court because the *defendants* removed it to this forum.[51] During the discovery period, Ms. Terry was the personal representative of the

---

[50] The defendants argue that the Writ of Summons did not indicate that Ms. Terry was bringing a wrongful death claim. They imply that this lack of specificity did not give them appropriate "notice." It is true the writ did not specify the action would include a wrongful death claim, which is not required under Pennsylvania law. However, the writ did indicate that the suit was one of "products liability." Given that it was brought by Ms. Terry as "Personal Representative and Administrator of the Estate of Denice Hayes, Deceased" any attorney would surmise that a wrongful death claim would be included in the action.

[51] The federal rules also make clear that the federal rules apply after a case has been removed. See FED. R. CIV. P. 81(c)(1)("These rules apply to a civil action after it is removed from a state court."). See also Granny Goose Foods v. Brotherhood of Teamsters, 415 U.S. 423, 438 (1974)("The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal." (citing FED. R. CIV. P. 81(c)); Ciotti v. Aetna Casualty & Surety Co., 511 F.Supp. 647, 648 (E.D. Pa. 1981)("[D]efendant effected removal, 28 U.S.C. s

estate.[52] If Ms. Terry had been appointed before the limitations period had run, nothing

would have changed.[53] I see no prejudice in recognizing that the short form complaint

ratified the action.[54]

---

1446(e), and ceased the state court proceedings." (citation omitted)); <u>Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.</u>, 559 U.S. 393, 400 (2010)("And like the rest of the Federal Rules of Civil Procedure, Rule 23 *automatically* applies 'in all civil actions and proceedings in the United States district courts,' Fed. Rule Civ. Proc. 1." (emphasis in original)(citation omitted))(majority opinion).

[52] The plaintiff also makes a waiver argument. Essentially, the plaintiff recognizes that the wrongful death claim may be voidable under Alabama law. However, the plaintiff contends that the defendants waived their challenge to the plaintiff's claim by removing the case to federal court without first moving to dismiss. The plaintiff does not cite any authority for this waiver argument. This argument holds some weight. <u>See, e.g.</u>, <u>Barber v. Barber ex rel. Barber</u>, --- So.3d ----, 2015 WL 3821884, at *2 (Ala. Jun. 19, 2015)("Thus, a party who wishes to assert another party's lack of capacity to sue must affirmatively raise that defense in its pleadings. Failure to do so constitutes a waiver of that defense.")(citing <u>Ex parte Tyson Foods, Inc.</u>, 146 So.3d 1041, 1044 (Ala. 2013)).

The defendants counter that they could not have raised this issue sooner because any prior motion to dismiss would have been based on the face of the pleadings. This is not entirely true under the precedent found in similar cases. <u>See</u> <u>Wiwa v. Royal Dutch Petroleum Co.</u>, Nos. 96 Civ. 8386(KMW)(HBP), 01 Civ.1909(KMW)(HBP), 02 Civ. 7618(KMW)(HBP), 2009 WL 464946, at *4, *6 (S.D.N.Y. Feb. 25, 2009)("The Court finds that Defendants raised the capacity defense promptly after discovering that the Third–Party <u>Wiwa</u> Plaintiffs were not administrators or executors of their relatives' estates [on a motion for summary judgment]... Defendants' capacity defense is not deemed waived."). Challenges to a plaintiff's capacity to sue have been made sooner than the motion for summary judgment stage. Nonetheless, I have no need to determine either way which party's argument prevails. I have based my decision on the applicable Supreme Court and Third Circuit precedent at the heart of this issue.

[53] <u>See</u> <u>Missouri, K. & T. Ry. Co. v. Wulf</u>, 226 U.S. 570, 575-76 (1913)("It seems to us, however, that, aside from the capacity in which the plaintiff assumed to bring her action, there is no substantial difference between the original and amended petitions....The change was in form rather than in substance…" (citation omitted)); <u>Raynor Bros. v. American Cyanimid Co.</u>, 695 F.2d 382, 384 (9th Cir. 1982)("The circumstances giving rise to the claim remained the same as under the original complaint."); <u>Staren v. American Nat. Bank & Trust Co. of Chicago</u>, 529 F.2d 1257, 1263 (7th Cir. 1976)("When Staren and Company, Inc., was substituted as plaintiff in the amended complaint, the district court and defendants contended that this corporate plaintiff constituted a complete separate entity from the individual plaintiffs and its claim did not relate back, but rather it stated an entirely new cause of action. This contention misses the point and is not necessarily so. The emphasis is to be placed on the determination of whether the amended complaint arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading. The substitution of such parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based."); <u>Metropolitan Paving Co. v. International Union of Operating Engineers</u>, 439 F.2d 300, 306 (10th Cir. 1971)("The fact that an applicable statute of limitations may have run before the real parties were substituted is not significant where the change is merely formal and in no way alters the known facts and issues on which the action is based."); <u>Shinkle v. Union City Body Co.</u>, 94 F.R.D. 631, 637-38 (D. Kan. 1982)("We agree with those courts that permit a plaintiff to change the capacity in which an action is brought when there is no change in the parties before the court and all parties are on notice of the facts out of which the claim arose. In such a case we believe that the amended complaint should be permitted to relate back to the date of the filing of the original complaint.").

[54] <u>See</u> <u>Wiwa v. Royal Dutch Petroleum Co.</u>, Nos. 96 Civ. 8386(KMW)(HBP), 01 Civ.1909(KMW)(HBP), 02 Civ. 7618(KMW)(HBP), 2009 WL 464946, at *10 (S.D.N.Y. Feb. 25, 2009)(explaining how ratification under Rule 17(a)(3) caused no prejudice to defendants because "defendants had notice in the original complaint of the nature of the claims against them")(citations omitted) and at *12 ("Defendants will not suffer prejudice if the Court grants all

This case is scheduled to go to trial. To dismiss Ms. Terry's claim now, over three years after her suit was commenced, would go against the long-held principle of the federal judiciary to prevent "technicalities" from determining the outcome of valid claims. See Levinson v. Deupree, 345 U.S. 648, 652 (1953)("[The district court] was bound to enforce [the claim] as it found it, but not bound beyond that to strive for uniformity of results in procedural niceties with the courts of the jurisdiction which originated the obligatio."). "The basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals…. If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits." Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 373 (1966). See also FED. R. CIV. P. 8(e)("Pleadings must be construed so as to do justice."); FED. R. CIV. P. 1 ("These rules…should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").[55]

---

Third–Party Plaintiffs leave to join the real parties in interest….Here, only the legal status of the Third–Party Plaintiffs will be altered; the factual allegations will remain unchanged."); Metropolitan Paving Co. v. International Union of Operating Engineers, 439 F.2d 300, 306 (10th Cir. 1971)("Since it was clear from the outset that the three corporations were the real parties in interest in this matter, there was no prejudice to the defendant in granting the motion to amend."); Webster v. Gower, No. 2:07–CV–888–DN, 2010 WL 520522, at *5 (D. Utah Feb. 8, 2010)("The Court is not convinced that allowing substitution at this time would work any undue hardship upon Defendants."); Unzueta v. Steele, 291 F.Supp.2d 1230, 1233 (D. Kan. 2003)("Because the delay in correcting this mistake has not caused prejudice to defendants and substitution is in line with the purposes of Rule 17, we shall grant the motion to substitute.").

[55] See also Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir. 1997)("Although the district court retains some discretion to dismiss an action where there was no semblance of any reasonable basis for the naming of an incorrect party… there plainly should be no dismissal where 'substitution of the real party in interest is necessary to avoid injustice…'" (citations omitted)); 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice And Procedure: Civil 3D § 1555 (2013)("A literal interpretation of Rule 17(a)(3) would make it applicable to every case in which an inappropriate plaintiff has been named. However, the rule should be applied only to cases in which substitution of the real party in interest is necessary to avoid injustice.").

The filing of the short form complaint shall "relate back" to the commencement of this action on January 12, 2012.[56] The plaintiff's wrongful death claim is not time barred. The wrongful death claim will be allowed to proceed to an adjudication on the merits.

---

[56] The defendants argue that the claim is still time barred, even if "relation back" is allowed, because the original complaint in this action was not filed during the two-year limitations period. This action was first commenced in Philadelphia Court of Common Pleas on January 12, 2012 with the filing of a Praecipe of a Writ of Summons. This praecipe was served on the defendants on January 20, 2012. See Doc. No. 89, Ex. A. The complaint was later filed in the Court of Common Pleas on December 11, 2012. The defendants then removed the case on December 31, 2012.

The defendants argue that a writ is not considered a "pleading" under the Federal Rules. Therefore, the ratification made in the short form complaint cannot "relate back" to the Writ, only to the state court complaint which was filed after the two-year statutory period. As the defendants point out, the federal rules do not recognize a writ of summons as a pleading. See FED. R. CIV. P. 7(a).

However, the language of Rule 17(a)(3) explains that "[a]fter ratification, joinder, or substitution, the action proceeds as if it had been *originally commenced* by the real party in interest." FED. R. CIV. P. 17 (a)(3). "Where a case originates in state court, as this case did, but is later removed to federal court, as this case was, the state rule controls the question of commencement." Frazier v. City of Philadelphia, 927 F.Supp. 881, 883 (E.D. Pa. 1996)(citing Pa. R. Civ. Pro. § 1007), *overruled on other grounds by*, Singletary v. Pennsylvania Dept. of Corrections, 266 F.3d 186, 202 n. 4 (3d Cir. 2001).

"Under Pennsylvania law, filing a praecipe for a writ of summons is sufficient to commence a civil action." Frazier, 927 F.Supp. at 883 (citing Pa. R. Civ. Pro. § 1007). See also Collins v. University of Pennsylvania, No. CIV. A. 01-993, 2001 WL 849710, at *1-2 (E.D. Pa. Jul. 16, 2001). The filing of the writ will effectively toll the statute of limitations so long as the plaintiff makes a good faith effort to effectuate service of the writ. See Frazier, 927 F.Supp. at 883 ("Under Pennsylvania law, the act of filing the Praecipe served to commence Plaintiff's action in state court and to effectively toll the statute of limitations.")(citing Pa. R. Civ. Pro. § 1007). See also Collins v. University of Pennsylvania, No. CIV. A. 01-993, 2001 WL 849710, at *1-2 (E.D. Pa. Jul. 16, 2001)("The filing of a praecipe for a writ of summons will only toll the statute of limitations if, during the life of the writ, the plaintiff makes a good faith attempt to effectuate service of the writ.")(citations omitted).

Given that the writ was timely served, I see no indication that the suit was not commenced in a timely manner. "Under Pennsylvania law, the statute of limitations for a claim against a defendant who has been properly served a writ of summons is tolled indefinitely regardless of when a Complaint is filed." Peters v. Air Prods. & Chems., Inc., No. 05-2038, 2006 WL 860097, at *4 (E.D. Pa. Mar. 31, 2006)(citing Galbraith v. Gahagen, 204 A.2d 251, 252 (Pa. 1964)).

The defendants made this argument in relation to Rule 15, not Rule 17. Rule 15(c)(1) does specify that relation back by "amendment to a pleading relates back to the date of the original pleading..." FED. R. CIV. P. 15(c)(1). However, Rule 17(a)(3) does not specify that the commencement of the action should be by a "pleading."

Under the clear language of Rule 17(a)(3), the short form complaint shall relate back to the commencement of this action, the date on which the praecipe of the writ of summons was filed.

## III.    CONCLUSION

For the foregoing reasons, I find that judgment in the defendants' favor would not be appropriate. The defendants' motion for summary judgment on the plaintiff's claim under the Alabama Wrongful Death Act (Doc. No. 45) is denied.

An appropriate Order follows.